<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **PATRICK J. MCCLINE, SR.,** : | |
| Plaintiff, : | Civ. No. 25-1709 (JKS) (JRA) |
| v. : | **MEMORANDUM OPINION & ORDER** |
| **WARDEN MICHAEL KELLY,** : | |
| Defendant. : | August 4, 2025 |

**SEMPER, District Judge**

Plaintiff Patrick J. McCline, Sr. ("Plaintiff") is an inmate confined at the Atlantic County Justice Facility in Mays Landing, New Jersey. He initiated this civil rights action under 42 U.S.C. § 1983 against multiple Defendants based on alleged unconstitutional conduct, including complaints of the conditions of confinement, failure to protect, inadequate medical care, and retaliation. (*See* ECF Nos. 1–39.) Since submitting his original complaint, Plaintiff has filed over thirty letters and two amended complaints seeking to add new claims and defendants. (*See* ECF No. 5–38.)

As explained below, this matter will be administratively terminated for the following reasons: (1) Plaintiff has neither paid the $405.00 filing and administrative fees nor submitted an application to proceed *in forma pauperis*; (2) Plaintiff failed to comply with Federal Rule of Civil Procedure 15, which governs amended and supplemental pleadings; and (3) Plaintiff failed to comply with Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim."

As a civil action, Plaintiff's complaint is subject to the requirements of 28 U.S.C. § 1915. The entire fee to be paid in advance of filing a civil complaint is $405.00. That includes a filing fee of $350.00 plus an administrative fee of $55.00. A prisoner may alternatively apply to proceed *in forma pauperis* if he is unable to pay the fee. If a court grants *in forma pauperis* status, a prisoner will, instead, be assessed a filing fee of $350.00, to be paid in installments, and will not be responsible for the $55.00 administrative fee. If a court denies *in forma pauperis* status, the prisoner must pay the full $405.00, including the $350.00 filing fee and the $55.00 administrative fee, before the complaint will be filed.

If a court grants *in forma pauperis* status, the prisoner must pay the full amount of the $350.00 filing fee as follows. 28 U.S.C. § 1915(b)(1). First, the court shall assess and, when funds exist, collect, an initial partial filing fee of twenty percent of the greater of (i) the average monthly deposits to the prisoner's account or (ii) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. *Id.* After payment of the initial partial filing fee, in each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to twenty percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

The Prison Litigation Reform Act ("PLRA") of 1995, 42 U.S.C. § 1997e, which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who attempt to bring a civil action *in forma pauperis*. Under the PLRA, a prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the

filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *Id.*

Under the PLRA, even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the PLRA does not permit the prisoner to get his filing fee back. Moreover, if the prisoner has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Furthermore, Federal Rule of Civil Procedure 15 permits a party to amend its pleading once within 21 days after service. *See* Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* A court may permit a party to supplement its pleading "[o]n motion and reasonable notice." Fed. R. Civ. P. 15(d). Federal Rule of Civil Procedure 8 provides that a pleading stating a claim for relief must include "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." *See* Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). The allegation must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

Plaintiff filed more than thirty letters that could be construed as attempts to supplement his pleading to add claims and defendants. However, Plaintiff did not first file a motion or provide

3

"reasonable notice," as required by Federal Rule of Civil Procedure 15(d). He also submitted two amended complaints without obtaining leave of court. (*See* ECF No. 5–38.) Such piecemeal efforts to amend or supplement the complaint are improper. *See Lewis v. Sessions*, No. 17-5475, 2017 WL 7313822, at *6 (D.N.J. Nov. 3, 2017) ("neither Fed. R. Civ. P. 8, which governs pleadings, nor Fed. R. Civ. P. 15, which governs amended and supplemental pleadings, permits [a plaintiff] to submit . . . addenda to his Complaint in . . . piecemeal fashion"). If Plaintiff wishes to amend his complaint, he must file a single, comprehensive proposed amended complaint that includes all factual allegations, claims, and defendants. Plaintiff is not required to submit supporting evidence at this time. *See* Fed. R. Civ. P. 8.

The Court, therefore, will administratively terminate this matter. Plaintiff may reopen this case by submitting, within 45 days of the date of entry of this Order, either a complete *in forma pauperis* application, including an inmate trust fund account statement certified by a prison official, or payment of the filing and administrative fees. Plaintiff will also be permitted to file a comprehensive amended complaint that complies with Federal Rules of Civil Procedure 8 and 15, within 45 days of the date of entry of this Order.

**THEREFORE IT IS** on this 4th day of August 2025,

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this case, without filing the complaint or assessing a filing fee. Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*,

413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [petition] is submitted to the clerk before the statute runs …."); and it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall notify the Court, in writing addressed to the Clerk of the Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07101, within 45 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete, signed *in forma pauperis* application, including a legible certified six-month prison account statement, or the $405 fee (which includes a $350 filing fee and a $55 administrative fee); and (2) an all-inclusive amended complaint that complies with Federal Rules of Civil Procedure 8 and 15; and it is further

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete *in forma pauperis* application or payment of the filing and administrative fees, and the all-inclusive amended complaint, within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum & Order, a blank *in forma pauperis* application (DNJ-Pro Se-007-A-[Rev.12/2020]), and a blank copy of prisoner civil rights complaint form (DNJ-ProSe-006-ProSePrisCvRghtsCmpFrm-STANDARD-(Rev.05-2013, 12/2023) on Plaintiff by regular U.S. mail.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**UNITED STATES DISTRICT JUDGE**